# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LIGURIA FOODS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PALERMO VILLA INC, <br><br> Defendant. | Case No. 21-CV-1127-JPS <br><br> **ORDER** |

On April 27, 2022, Certain Underwriters at Lloyds, London Subscribing to Policy B509FINSR1700048 (the "Intervenor") moved to intervene in this matter. ECF No. 20. The Intervenor issued a policy to Palermo Villa, Inc ("Defendant"), and has an interest in Defendant's counterclaim against Liguria Foods, LLC ("Plaintiff"). Alongside the motion, the Intervenor provides a proposed intervenor complaint. ECF No. 20-2. Palermo Villa, Inc ("Defendant") filed a response in which it indicated that it did not oppose the motion. ECF No. 26. Plaintiff did not file an opposition. For the reasons explained below, the Court will grant the motion to intervene.

Pursuant to Federal Rule of Civil Procedure 24(a)(2) ("Rule 24"), a movant must be permitted to intervene in an action if: (1) the application is timely; (2) the applicant "claims an interest relating to the property or transaction that is the subject of the action;" (3) the disposition of the action "may as a practical matter impair or impede the movant's ability to protect its interest;" and (4) existing parties are not adequate representatives of the applicant's interest. Fed. R. Civ. P. 24(a).

1. **Timeliness**

While Rule 24 does not set a specific time limitation for intervention, the Seventh Circuit has described the timeliness requirement as preventing a tardy intervenor from derailing a lawsuit "within sight of the terminal." *United States v. S. Bend Cmty. Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983). The Intervenor filed this motion seven months after Plaintiff's first filed the action, and only one month after the Court issued its trial scheduling order, which encompasses dispositive motion dates. The Court finds this is timely.

2. **The Intervenor's Protectable Interest**

The "interest" of a would-be intervenor, as required by Rule 24, must be a "direct, significant, legally protectable" one. *Sec. Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). This action concerns, in large part, whether Plaintiff provided contaminated pepperoni to Defendant, thus requiring Defendant to take certain actions that allegedly resulted in damages. The Intervenor claims a right to recovery from Plaintiff based on the money that the Intervenor paid to Defendant for damages associated with the contaminated pepperoni. Thus, the legal issues and relevant facts in Defendant's counterclaim against Plaintiff are material to the dispute between the Intervenor and Plaintiff. The Court finds that the Intervenor's interest is direct, significant, and legally protectable.

3. **Impairment of Intervenor's Ability to Protect Its Interest**

The Intervenor argues that, if it cannot participate in this lawsuit on its own behalf, core issues of causation and damages —which are necessary for it to recover on its subrogated interest—may not be fully addressed. This may be particularly true if the parties reach a resolution that abridges the Intervenor's interests. Accordingly, the Court finds that the Intervenor's

right to recovery may be impaired if it is not permitted to intervene in this lawsuit.

4. **Adequate Representation by Existing Parties**

No other parties to this case adequately represent the Intervenor's interests. A party seeking intervention as of right must only make a showing that the representation "may be" inadequate, and "the burden of making that showing should be treated as minimal." *Lake Investors Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1261 (7th Cir. 1983). In this case, Defendant's counterclaim seeks damages in excess of the amount that the Intervenor reimbursed—or, an amount *in excess of* $1,370,000. No party, other than the Intervenor, is interested in recovering this minor fortune. Accordingly, the Intervenor's interests are not protected.

For the foregoing reasons, the Intervenor satisfies the requirements of Rule 24, and the Court will grant its motion to intervene. Its proposed intervenor complaint, ECF No. 20-2, shall be included on the docket.

Accordingly,

**IT IS ORDERED** that Certain Underwriters at Lloyds, London Subscribing to Policy B509FINSR1700048's motion to intervene be and the same is hereby **GRANTED**; the intervenor complaint, ECF No. 20-2, shall be included on the docket.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge